UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                  CASE NO. 03-80406
                                        HONORABLE GERALD E. ROSEN

FADI MOHAMAD-MUSBAH HAMMOUD,
    Defendant,
_____/

**DEFENDANT, FADI HAMMOUD'S**
**SENTENCING MEMORANDUM**

NOW COMES Defendant, Fadi Hammoud, by and through his attorney, Brian M. Legghio, and moves this Honorable Court to impose a sentence of home confinement or community confinement and in support submits this Sentencing Memorandum to address the facts in support of our request for a sentence of home confinement or community confinement.

**I.    Procedural History**

On April 14, 2004, a two (2) count First Superseding Indictment was filed in the U.S. District Court for the Eastern District of Michigan. The First Superseding Indictment charged Fadi Hammoud, and sixteen (16) other co-conspirators with Conspiracy to Violate RICO and certain other co-defendants with substantive charges.

On March 29, 2006, the First Superseding Indictment was unsealed and Mr. Fadi Hammoud was arraigned in the U.S. District Court.

On May 28, 2009, Mr. Hammoud will appear before this Honorable Court for sentencing, having pled guilty to one (1) count of the First Superseding Indictment, Conspiracy to Violate RICO, 18 U.S.C. §1962(e). Pursuant to the terms of the Rule 11 Plea Agreement, the parties have agreed that any sentence of imprisonment may not exceed the top end of the Sentencing Guideline range, as agreed to by the parties, which is, fifteen (15) to twenty-one (21) months.

**II.    The Factors Enumerated in 18 U.S.C. §3553(a) Support a Sentence below the Advisory Guideline Range.**

After *U.S. v Booker*, 543 U.S. 220 (2005), the Court must consider, without preferring any single one factor, the seven factors listed in 18 U.S.C. §3553(a) to meet the overarching statutory charge to impose a sentence 'sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed training, medical care or other correctional treatment.

After *Booker*, the Guidelines are to be "respectfully considered", but no one factor is to be given more or less weight than any other §3533(a) factor to be taken into account in arriving at an appropriate sentence. *Kimbrough v U.S.*, 128 S.Ct. 558,570 (2007); *Gall v U.S.*, 128 S.Ct. 586, 596-97, 602 (2007).

Previously disapproved or disfavored departure factors such as employment record (U.S.S.G. §5H1.5); family ties and responsibilities (U.S.S.G. §5H1.6); socio-economic status (U.S.S.G. §5H1.10); and substance abuse (U.S.S.G. §§5H1.4 and 5K2.13) may now be considered. Post *Booker,* there is no limitation on the information concerning the background, character and conduct of the defendant which a court may receive and consider for the purposes of imposing an appropriate sentence. 18 U.S.C. §3661.

The Court has before it, in the Presentence Report and in this Memorandum, substantial mitigating information that, properly considered under §3553, supports a sentence of home confinement or community confinement.

**The Nature and Circumstances of the Offense**

Co-defendant, Imad Hammoud is Fadi's older brother. The Government will acknowledge that it was Imad Hammoud who was one of the originating developers of this overall scheme to acquire and redistribute untaxed cigarettes in Michigan. Unfortunately, when Imad was younger he fell in an elevator shaft and sustained serious injuries to his head. As a result, Imad has suffered from severe mental problems. It is believed that based upon his closed head injury and resultant psychological complications, Imad Hammoud began self-medicating with controlled substances. Imad, his wife and his children returned to live with relatives in Lebanon several years prior to this instant case being instituted.

As outlined in the Government's Indictment, the offense conduct began May of 1996. In 1996, Fadi Hammoud was twenty-four (24) years old, the youngest in the Hammoud family. Being the youngest with six (6) older siblings and your mother having passed away when you were merely sixteen (16) years old, his older family members had a substantial and pervasive effect upon him.

In or about 1997, Fadi Hammoud purchased a tobacco outlet known as "Smokers City" in Macomb County. At that time, smoke shops were beginning to operate and specialize in marketing discount tobacco products to consumers in Southeastern Michigan. Regrettably, Fadi became enmeshed with his older brother, Imad's activities in acquiring untaxed cigarettes. In March, 1998 the Michigan State Police executed a search warrant at Mr. Hammoud's residence and seized numerous cartons of suspected untaxed cigarettes. Criminal charges were instituted in Wayne County Circuit Court. As a result of those charges, Mr. Hammoud retained counsel, appeared at the Wayne County Circuit Court, and entered a guilty plea to the violation of the Michigan Tobacco Products Tax Act. Mr. Hammoud was twenty-five (25) years old and placed on probation for two (2) years. Mr. Hammoud successfully completed all terms and conditions of his probation, having repaid the outstanding back taxes, and otherwise complied with all terms and conditions in the probationary order.

Since Mr. Hammoud's arrest, guilty plea and sentence for violation of the Michigan Tobacco Tax Act, he was not thereafter involved in Imad's Federal RICO conspiratorial efforts to continue to market untaxed cigarettes in Michigan. Mr. Hammoud, at the young age of twenty-five (25) was thoroughly "scared straight" by the criminal justice system.

Pursuant to the Rule 11 Plea Agreement, the Government has agreed that Mr. Hammoud is merely a minor participant. Additionally, as the Government will readily acknowledge, Mr. Hammoud has not only acknowledged his wrongful actions and accepted responsibility for them, but has devoted considerable time and energy towards persuading his brother, co-defendant, Imad Hammoud, to return from Lebanon to face these charges and assist in the ultimate resolution of this case.

**The History and Characteristics of Fadi Hammoud**

As the thoroughly prepared Presentence Investigative Report reflects, Mr. Fadi Hammoud has been married to his current wife since 1995. Mr. Hammoud has been blessed with three (3) children, Malak, age twelve (12); Ali, age nine (9); and Hadi, age four (4). Mr. Hammoud's wife, Faten is thirty-two (32) years old and stays home and is paid by the State of Michigan to care for her completely disabled mother. Accordingly, in Mr. Hammoud's home he supports his wife, his three (3) young children, and his mother-in-law. While the State provides some payment for the care of his mother-in-law, the subsidy payment is certainly not sufficient to cover all the costs and expenses of fully supporting her.

Since Mr. Hammoud ceased his involvement in the sale of tobacco products, he has been employed as a full-time used car salesman in Detroit, Michigan. Mr. Hammoud's current wage of approximately One Thousand and 00/100 ($1,000.00) Dollars per month is woefully insufficient to cover all the costs of housing, food, medical expenses, and all other ordinary human living expenses attendant with a family and mother-in-law.

Additionally, Mr. Hammoud's home is currently in foreclosure by Wells Fargo Home Mortgage. He has attempted to negotiate a *short sale*, but has been denied because of his inability to generate sufficient income to pay off the remaining balance under the terms of a short sale. **Exhibit A**. Moreover, Mr. Hammoud's April, 2009 City of Dearborn Water and Sewerage Bill reflects an arrearage of over Sixteen Hundred and 00/100 ($1,600.00) Dollars, **Exhibit B**. Mr. Hammoud's April 24, 2009 DTE Energy bill reflects an outstanding account balance of One Thousand Forty-Four and 10/100 ($1,044.10) Dollars, **Exhibit C.** One of Mr. Hammoud's credit card balances to Chase Bank USA is over Twenty-Two Thousand and 00/100 ($22,000.00) Dollars. **Exhibit D**. Notwithstanding all of Mr. Hammoud's devoted efforts to support his family, he has been unable to meet all of his current financial obligations.

18 U.S.C. §3553, and the recent Supreme Court decisions in *Gall and Kimbrough* authorize this Court to consider these above factors, including the history and characteristics of the defendant, the need to promote deterrence, reflect the seriousness of the offense, and protect the public from the crimes of the defendant. All of these needs can be met with a

sentence of home confinement for Mr. Fadi Hammoud. Clearly, since Mr. Hammoud was arrested, charged and pled guilty in 1998 he has remained a law abiding citizen. His employment history reflects that he steadily worked in the used car sales business in Detroit, Michigan, even gaining a partial ownership interest in the car dealership in which he worked. As economic times have befallen all of us, Mr. Hammoud and the sales of used cars in Detroit have absolutely plummeted. Mr. Hammoud's finds himself, notwithstanding working long hours and his wife earning payments from the State to care for her completely disabled mother, that they are losing their home, behind on their water bill, their DTE Energy bill, and owe substantial sums on their credit card.

It is an accurate statement of the law that Mr. Hammoud's activity in obtaining and distributing untaxed cigarettes in Michigan could both constitute a single, substantive offense in the State of Michigan and be part of a larger overall scheme, thereby meriting him a second prosecution for this Federal RICO conspiracy. In formulating an appropriate sentence, it is significant to note that since Mr. Hammoud's past involvement in this illegal situation, he has been involved in no other illegal conduct, he did not continue his illegal behavior with Imad's conspiracy. Moreover, Mr. Fadi Hammoud has demonstrated that he is not one prone to recidivist behavior, and instead has reformed his ways and became gainfully employed in the used automobile business. Mr. Fadi Hammoud has been devoted to his family, supporting his family, his children and his mother-in-law. Currently Mr. Hammoud is on the brink of financial disaster. His greatly diminished income (from

approximately Sixty Thousand and 00/100 [$60,000.00) Dollars a year to little more than Twelve Thousand and 00/100 [$12,000.00] Dollars a year), has caused him and his entire family great financial hardship and stress. Mr. Hammoud is uncertain where he, his family, and his mother-in-law will go if they lose their only home.

This Honorable Court may appropriately consider all of these factors in formulating an appropriate sentence for Mr. Fadi Hammoud. It is for all of these reasons that the defense respectfully requests that this Honorable Court impose a sentence of home confinement upon Mr. Hammoud, and allow him to continue his very best efforts to support his family and to maintain their only home.

## Waiver of Fines and Costs

As the Presentence Investigative Report (PSIR) reflects, Mr. Hammoud has a net worth of negative One Hundred Seventy-Six Thousand Six Hundred Ninety-Eight and 00/100 (-$176,698.00) Dollars. Because of Mr. Hammoud's negative net worth, and the substantial amount of forfeitures to be imposed, it is respectfully requested that this Court waive fines and costs. It is plainly obvious that Mr. Hammoud is not in a financial position to pay these fines and costs, and therefore defense counsel respectfully requests that the Court waive fines and costs.

**Waiver of Interest on Restitution**

By statute, a defendant is required to pay interest, "on any fine or restitution of more than $2,500.00, unless the fine is paid in full before the 15th day after the date of the judgment". 18 U.S.C. §3612(f)(1). In the instant case, it has been agreed that the Court will impose a substantial restitutionary amount which Mr. Hammoud will be required to pay. In view of Mr. Hammoud's negative net worth, and Mr. Hammoud's unfortunate financial circumstances, defense counsel respectfully requests that this Court suspend the imposition of interest on restitution. Pursuant to 18 U.S.C. §3612(f)(3)(a), the Court is statutorily authorized to waive the imposition of interest on restitution, "if the court determines that the defendant does not have the ability to pay interest . . .". Accordingly, Defendant respectfully requests that this Court waive the requirement of interest on restitution.

Respectfully submitted,

Date: May 26, 2009

BY:  S/BRIAN M. LEGGHIO
Attorney for Defendant,
Fadi Mohamad-Musbah Hammoud
134 Market Street
Mt. Clemens, MI 48043-1740
Office:    586-493-7000
Facsimile:    586-493-1177
blegghiousdc@legghiolaw.com
[P29658]

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2009, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Assistant U.S. Attorney Barbara L. McQuade (P45423).

S/BRIAN M. LEGGHIO (P29658)